Wyly, J.
The defendant appeals from a judgment against her for $39,652 20, on an account of the plaintiffs against the Baratarla plantation, alleged to belong to her.
The facts are, that this plantation belonged to J. W. Ross, the first husband of defendant; that from his succession the plaintiffs, who were creditors for $15,617 72, were induced to buy said property in the name of J. U. Payne, one^ of the copartners, at the request and for account of defendant, then the surviving widow; that the title was so taken merely for the purpose of securing the claim of plaintiffs, with the understanding that they were to cause the title to be transferred to defendant, then Widow Ross, as soon as their claim and all the subsequent advances they agreed to make to carry on said “Barataría plantation” were paid to them. The planting operations seem not to have been successful; instead of paying-out, the debt largely increased, so that when the plaintiffs subsequently, at the request of defendant, caused the title to be transferred to Win. Stackhouse, now her husbaud, a large debt remained on the books of plaintiffs against the Barataría plantation, embracing not only advances for the administration and cultivation of said plantation, but large sums furnished to pay the personal expenses of defendant and her family, such as medical bills, traveling expenses, tuition and board bills of her children, and also the cost of a tomb for Mr. Ross, her deceased husband.
The court was not satisfied that the evidence was sufficient to establish the liability of defendant based on her alleged assumption to pay the debt of her deceased husband, and, striking from the account the amount thereof, to wit: $15,617 72, rendered judgment against the defendant for the balance due for advances made subsequent to the *186 purchase of said “Barataría plantation,” to wit: $39,652 20. As appellees have not prayed an amendment of the judgment, the ruling of the court in this regard can not be revised.
The difficulty in the case arises from the loss of the counter letter or private agreement existing between the plaintiffs and defendant, or rather from their disagreement in regard to the contents thereof. And here we will remark that the bills of exception as to the parol proof of the contents of the counter letter or written agreement between the litigants herein were not well taken, a sufficient foundation having been laid to authorize the admission of secondary evidence.
Both parties admit that there was a writing between plaintiffs and defendant, wherein it was stated that the purchase of said plantation was for defendant’s benefit; also that said plantation was to be cultivated, and when plaintiffs were paid the amount of their existing claim, and also the amounts subsequently advanced by them, the title was to be conveyed to defendant. But the defendant contends that she was not to be responsible for any of the losses arising in the administration of the plantation; that if the crops were sufficient to pay out, she was to have the benefit; if they failed, she was to incur no personal responsibility.
After examining the evidence carefully we have come to the conclusion that this theory or version placed on the contract by the defendant can not be accepted by the court as the correct one. We think that the evidence of J. U. Payne, in regard to the nature of the contract, is more reasonable, and that plaintiffs’ theory is the correct one. The testimony of this witness, taken with the other proof in the record, satisfies us, as it did the judge a quo, that the real purchaser from the succession of J. W. Ross was the defendant; that J. U. Payne was merely a party interposed, and that the effort to make the.plantation pay out the debt existing against it on the books of the plaintiffs was in behalf of the defendant; that as she was to get the benefit, if the administration of the plantation was successful, she must be responsible for the losses, if unsuccessful. It would be unreasonable to suppose that plaintiffs, who were merchants and presumably business men, would have consented to advance large sums of money to cultivate the “Barataría plantation ” for defendant’s benefit, and themselves incur all the risks and losses attending the enterprise.
Judgment affirmed.